No. 25-2904

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

STATE OF ILLINOIS, et al.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of Illinois, No. 1:25-cv-01285
(Judge Lindsay C. Jenkins)

## APPENDIX FOR PLAINTIFF-APPELLANT

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney
  General*

MARK R. FREEMAN
DANIEL TENNY
MICHAEL E. TALENT
J. KAIN DAY
  *Attorneys*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-8976*

# TABLE OF CONTENTS

Docket Entries......................................................................................GA1

Complaint, Dkt. 1 (Feb. 6, 2025).......................................................GA17

Notification of Docket Entry, Dkt. 85 (July 25, 2025).......................GA40

Notification of Docket Entry, Dkt. 87 (Aug. 26, 2025) ......................GA41

Notice of Appeal, Dkt. 91 (Oct. 24, 2025)..........................................GA42

AO279,APPEAL,APPENTENG,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5) (Chicago)
### CIVIL DOCKET FOR CASE #: 1:25-cv-01285

United States of America v. State of Illinois et al
Assigned to: Honorable Lindsay C. Jenkins
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 02/06/2025
Date Terminated: 08/26/2025
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: U.S. Government Plaintiff

## Plaintiff

**United States of America**                    represented by    **Elisabeth Jo Neylan**
Department of Justice
1100 L St.
Washington, DC 20005
(771) 217-8180
Fax: US Govt Attorney
Email: elisabeth.j.neylan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**State of Illinois**                    represented by    **Christopher Graham Wells**
Illinois Attorney General's Office
115 S. LaSalle St.
Chicago, IL 60603
312-814-1134
Email: christopher.wells@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Hemmer**
Illinois Attorney General's Office
115 S. LaSalle Street
23rd Floor

GA1

Chicago, IL 60603
312-814-5526
Email: alex.hemmer@ilag.gov
*ATTORNEY TO BE NOTICED*

**Alexandra Lane Reed**
Illinois Attorney General's Office
115 S LaSalle Street
Floor # 35
Chicago, IL 60603
773-771-4465
Email: alexandra.reed@ilag.gov
*ATTORNEY TO BE NOTICED*

**Darren Bernens Kinkead**
Illinois Attorney General's Office
115 South LaSalle Street
Chicago, IL 60603
773-590-6967
Email: darren.kinkead@ilag.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Chicago**                    represented by **Andrew W Worseck**
City of Chicago, Department of Law
2 North LaSalle Street
Suite 520
Chicago, IL 60602
(312) 744-7129
Fax: Active
Email: andrew.worseck@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Leann Medley**
City Of Chicago Law Department
2 North Lasalle Street
Suite 520
Chicago, IL 60602
(312) 744-2742
Fax: Active
Email: amie.medley@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Ellen Wight Mclaughlin**
City of Chicago Department of Law
2 N. LaSalle St., Suite 580
Chicago, IL 60602
312-742-5147
Email: ellen.mclaughlin@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Emily A Vernon**
Office of the Illinois Attorney General

Civil Appeals Division
115 S. LaSalle St.
Chicago, IL 60603
312-814-2597
Email: emily.vernon@ilag.gov
*TERMINATED: 09/24/2025*

**Katherine Rose Lamb**
City Of Chicago Department Of Law
2 N. Lasalle St.
Suite 520
Chicago, IL 60602
(312) 742-0797
Fax: Not a member
Email: katherine.lamb@cityofchicago.org
*TERMINATED: 07/02/2025*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Brandon Johnson** | represented by | **Andrew W Worseck** |
| *Mayor of Chicago, in his Official Capacity* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Amie Leann Medley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ellen Wight Mclaughlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Emily A Vernon**
(See above for address)
*TERMINATED: 09/24/2025*

**Katherine Rose Lamb**
(See above for address)
*TERMINATED: 07/02/2025*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Larry Snelling** | represented by | **Andrew W Worseck** |
| *Chicago Police Superintendent, in his Official Capacity* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Amie Leann Medley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ellen Wight Mclaughlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Emily A Vernon**

(See above for address)
*TERMINATED: 09/24/2025*

**Katherine Rose Lamb**
(See above for address)
*TERMINATED: 07/02/2025*

**Defendant**

**Cook County**                                      represented by   **Jessica Megan Scheller**
Office of the Cook County States Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312-603-6934
Fax: Active
Email: jessica.scheller@cookcountysao.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward M. Brener**
Cook County State's Attorney
Civil Litigation Bureau
50 W. Washington
5th Floor
Chicago, IL 60602
(312) 603-5971
Fax: Active
Email: edward.brener@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Jessica Wasserman**
Cook County State's Attorney's Office
500 Richard J. Daley Center
50 W. Washington Street
Ste 500
Chicago, IL 60602
312-603-5967
Email:
jessica.wasserman@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Jonathon D. Byrer**
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
3126034366
Fax: Active
Email: jonathon.byrer@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Megan Marie Honingford**
Cook County State's Attorney's Office
50 W. Washington
5th Floor
Chicago, IL 60602

(312) 603-3630
Fax: Not a member
Email:
megan.honingford@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
Cook County State's Attorney's Office
50 W. Washington
Suite 500
Chicago, IL 60602
(312) 603-5463
Fax: Not a member
Email:
prathima.yeddanapudi@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Silvia Mercado Masters**
Cook County State's Attorney's Office
50 West Washington
Suite 500
Chicago, IL 60602
(312) 603-7795
Fax: Active
Email:
silvia.mercadomasters@cookcountysao.org
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**County Board of Commissioners**  represented by **Jessica Megan Scheller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Toni Preckwinkle**
*President of the Cook County Board of*
*Commissioners, in her Official Capacity*  represented by **Jessica Megan Scheller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Thomas Dart**
*Cook County Sheriff, in his Official*
*Capacity*  represented by **Jessica Megan Scheller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. B. Pritzker**                                     represented by  **Christopher Graham Wells**
*Governor of Illinois, in his Official Capacity*                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Alex Hemmer**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Alexandra Lane Reed**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Darren Bernens Kinkead**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Amicus**

**State of Ohio**                                     represented by  **Thomas Elliot Gaiser**
                                                                       Office of the Ohio Attorney General
                                                                       30 E. Broad St.
                                                                       17th Floor
                                                                       Columbus, OH 43215
                                                                       (614) 466-8980
                                                                       Fax: Pro Hac Vice
                                                                       Email: thomas.gaiser@ohioago.gov
                                                                       *LEAD ATTORNEY*
                                                                       *PRO HAC VICE*
                                                                       *ATTORNEY TO BE NOTICED*

**Amicus**

**ACLU of Illinois**                                  represented by  **Rebecca Kim Glenberg**
                                                                       Roger Baldwin Foundation of ACLU, Inc.
                                                                       150 N. Michigan Ave.
                                                                       Ste. 600
                                                                       Chicago, IL 60601
                                                                       (312) 201-9740
                                                                       Fax: Active
                                                                       Email: rglenberg@aclu-il.org
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Michelle Teresa Garcia**
                                                                       Roger Baldwin Foundation of ACLU, Inc.
                                                                       150 N. Michigan Ave.
                                                                       Suite 600
                                                                       Chicago, IL 60601
                                                                       312-201-9740
                                                                       Fax: Active

Email: MGarcia@aclu-il.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**Illinois Coalition for Immigrant and
Refugee Rights**

represented by **Rebecca Kim Glenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Teresa Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Mujeres Latinas en Accion**

represented by **Rebecca Kim Glenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Teresa Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**National Immigrant Justice Center**

represented by **Rebecca Kim Glenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Teresa Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Illinois Coalition for Immigrant and
Refugee Rights**

**Amicus**

**Organized Communities Against
Deportations**

**Amicus**

**Raise the Floor Alliance**

**Amicus**

**Brighton Park Neighborhood Council**

**Amicus**

**Immigration Reform Law Institute**

represented by **Christopher Hajec**
Immigration Reform Law Institute
25 Massachusetts Avenue, NW Suite 335
Washington, DC 20001
(202) 232-5590

| Date Filed | # | Docket Text |
|---|---|---|
| 02/06/2025 | 1 | COMPLAINT filed by UNITED STATES OF AMERICA; (Neylan, Elisabeth) (Entered: 02/06/2025) |
| 02/06/2025 | 2 | CIVIL Cover Sheet (Neylan, Elisabeth) (Entered: 02/06/2025) |
| 02/06/2025 | 3 | ATTORNEY Appearance for Plaintiff UNITED STATES OF AMERICA by Elisabeth Jo Neylan (Neylan, Elisabeth) (Entered: 02/06/2025) |
| 02/06/2025 | | CASE ASSIGNED to the Honorable Lindsay C. Jenkins. Designated as Magistrate Judge the Honorable Jeannice W. Appenteng. Case assignment: Random assignment. (Civil Category 3). (dec, ) (Entered: 02/06/2025) |
| 02/06/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (dec, ) (Entered: 02/06/2025) |
| 02/06/2025 | | SUMMONS Issued as to Defendants City Of Chicago, Cook County, THOMAS DART, Brandon Johnson, Toni Preckwinkle, in her official capacity as County Board of Commissioners President, J. B. Pritzker, Larry Snelling, State of Illinois, cook county board of commissioners (khg, ) (Entered: 02/06/2025) |
| 02/06/2025 | 4 | MINUTE entry before the Honorable Lindsay C. Jenkins: In person initial status hearing set for April 15, 2025 at 9:00 a.m. in Courtroom 2119. Initial Status Report shall be filed by April 8, 2025. The report should comply with the requirements set forth in the Initial Status Report standing order, which can be found at Judge Jenkins's web page @ (http://www.ilnd.uscourts.gov, "District Judges", to "Judge Lindsay Jenkins", to "Initial Status Hearings" under Case Management Procedures"). The parties must follow all the standing orders for Judge Jenkins and all Local Rules, which can be found at the same web page. At the Initial Status hearing, the parties are to report on the following: (1) Possibility of settlement in the case; (2) if no possibility of settlement exists, the nature and length of discovery necessary (with specific dates) to get the case ready for trial; and (3) whether the parties jointly consent to proceed before the Magistrate Judge. At the Initial Status Hearing, the Parties shall be prepared to inform the Court about the extent of monetary damages in order for the Court to address the proportionality of discovery as required by Fed. R. Civ. P. 26. Mailed notice. (jlj, ) (Entered: 02/06/2025) |
| 02/13/2025 | 5 | ATTORNEY Appearance for Defendants J. B. Pritzker, State of Illinois by Christopher Graham Wells (Wells, Christopher) (Entered: 02/13/2025) |
| 02/13/2025 | 6 | ATTORNEY Appearance for Defendants J. B. Pritzker, State of Illinois by Alex Hemmer (Hemmer, Alex) (Entered: 02/13/2025) |
| 02/13/2025 | 7 | ATTORNEY Appearance for Defendants J. B. Pritzker, State of Illinois by Alexandra Lane Reed (Reed, Alexandra) (Entered: 02/13/2025) |

| 02/13/2025 | 8 | ATTORNEY Appearance for Defendants J. B. Pritzker, State of Illinois by Darren Bernens Kinkead (Kinkead, Darren) (Entered: 02/13/2025) |
|---|---|---|
| 02/14/2025 | 9 | ATTORNEY Appearance for Defendants City Of Chicago, Brandon Johnson, Larry Snelling by Andrew W Worseck (Worseck, Andrew) (Entered: 02/14/2025) |
| 02/14/2025 | 10 | ATTORNEY Appearance for Defendant Cook County by Jessica Megan Scheller (Scheller, Jessica) (Entered: 02/14/2025) |
| 02/14/2025 | 11 | ATTORNEY Appearance for Defendant Cook County by Prathima Yeddanapudi (Yeddanapudi, Prathima) (Entered: 02/14/2025) |
| 02/14/2025 | 12 | SUMMONS Returned Executed by United States of America as to All Defendants. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit, # 6 Affidavit, # 7 Affidavit, # 8 Affidavit, # 9 Affidavit, # 10 Affidavit, # 11 Affidavit)(Neylan, Elisabeth) (Entered: 02/14/2025) |
| 02/14/2025 | 13 | ATTORNEY Appearance for Defendant Cook County by Jonathon D. Byrer (Byrer, Jonathon) (Entered: 02/14/2025) |
| 02/14/2025 | 14 | ATTORNEY Appearance for Defendants City Of Chicago, Brandon Johnson, Larry Snelling by Emily A Vernon (Vernon, Emily) (Entered: 02/14/2025) |
| 02/14/2025 | 15 | ATTORNEY Appearance for Defendants City Of Chicago, Brandon Johnson, Larry Snelling by Amie Leann Medley (Medley, Amie) (Entered: 02/14/2025) |
| 02/18/2025 | 16 | ATTORNEY Appearance for Defendants City Of Chicago, Brandon Johnson, Larry Snelling by Ellen Wight Mclaughlin (Mclaughlin, Ellen) (Entered: 02/18/2025) |
| 02/18/2025 | 17 | ATTORNEY Appearance for Defendant Cook County by Megan Marie Honingford (Honingford, Megan) (Entered: 02/18/2025) |
| 02/24/2025 | 18 | MOTION by Defendants J. B. Pritzker, State of Illinois for leave to file excess pages *(Unopposed)* (Kinkead, Darren) (Entered: 02/24/2025) |
| 02/25/2025 | 19 | MINUTE entry before the Honorable Lindsay C. Jenkins: The motion by the State of Illinois for excess pages 18 is granted. Any motion the State intends to file should, if possible, include an agreed proposed briefing schedule consistent with the Court's standing order. Mailed notice. (jlj, ) (Entered: 02/25/2025) |
| 02/28/2025 | 20 | MOTION by Defendants J. B. Pritzker, State of Illinois to set a briefing schedule *for Defendants' Forthcoming Motions to Dismiss and for Leave to File Oversize Briefs (Jointly Filed)* (Wells, Christopher) (Entered: 02/28/2025) |
| 02/28/2025 | 21 | MINUTE entry before the Honorable Lindsay C. Jenkins: The motion for an extension and for excess pages 20 is granted. The Court imposes the following agreed briefing schedule on the motions to dismiss: The State, City, and County Defendants each have until March 4, 2025 to file any Rule 12(b) motion. The government's response is due by April 1, 2025; any replies are due by April 29, 2025. Opening motions by any Defendant may not exceed 25 pages. The government should request an appropriate page extension after the dismissal motions are filed. Emailed notice (cn). (Entered: 02/28/2025) |
| 02/28/2025 | 22 | ATTORNEY Appearance for Defendants County Board of Commissioners, Thomas Dart, Toni Preckwinkle by Prathima Yeddanapudi (Yeddanapudi, Prathima) (Entered: 02/28/2025) |

| 02/28/2025 | 23 | ATTORNEY Appearance for Defendants County Board of Commissioners, Thomas Dart, Toni Preckwinkle by Jessica Megan Scheller (Scheller, Jessica) (Entered: 02/28/2025) |
|---|---|---|
| 03/04/2025 | 24 | MOTION by Defendants State of Illinois, J. B. Pritzker to dismiss *Rule 12(B)*<br><br>(Wells, Christopher) (Entered: 03/04/2025) |
| 03/04/2025 | 25 | MEMORANDUM by J. B. Pritzker, State of Illinois in support of motion to dismiss 24 (Wells, Christopher) (Entered: 03/04/2025) |
| 03/04/2025 | 26 | ATTORNEY Appearance for Defendant Cook County by Edward M. Brener (Brener, Edward) (Entered: 03/04/2025) |
| 03/04/2025 | 27 | MOTION by Defendant Cook County to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)*<br><br>, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cook County *Pursuant to Rule 12(b)(6)*<br><br>(Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 28 | MEMORANDUM by Cook County in support of motion to dismiss/lack of jurisdiction, Motion to Dismiss for Failure to State a Claim 27 (Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 29 | MOTION by Defendants County Board of Commissioners, Toni Preckwinkle to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)*<br><br>, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants County Board of Commissioners, Toni Preckwinkle *Pursuant to Rule 12(b)(6)*<br><br>(Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 30 | MEMORANDUM by County Board of Commissioners, Toni Preckwinkle in support of motion to dismiss/lack of jurisdiction,, Motion to Dismiss for Failure to State a Claim, 29 (Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 31 | MOTION by Defendant Thomas Dart to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)*<br><br>, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Thomas Dart *Pursuant to Rule 12(b)(6)*<br><br>(Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 32 | MEMORANDUM by Thomas Dart in support of motion to dismiss/lack of jurisdiction, Motion to Dismiss for Failure to State a Claim 31 (Yeddanapudi, Prathima) (Entered: 03/04/2025) |
| 03/04/2025 | 33 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants City Of Chicago, Brandon Johnson, Larry Snelling<br><br>(Worseck, Andrew) (Entered: 03/04/2025) |
| 03/04/2025 | 34 | NOTICE by City Of Chicago, Brandon Johnson, Larry Snelling re MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants City Of Chicago, Brandon Johnson, Larry Snelling<br><br>33 *Notice of Unconstitutionality* (Worseck, Andrew) (Entered: 03/04/2025) |

| 03/04/2025 | 35 | MEMORANDUM by City Of Chicago, Brandon Johnson, Larry Snelling in support of Motion to Dismiss for Failure to State a Claim 33 (Worseck, Andrew) (Entered: 03/04/2025) |
|---|---|---|
| 03/05/2025 | 36 | ATTORNEY Appearance for Defendant Cook County by Silvia Mercado Masters (Masters, Silvia) (Entered: 03/05/2025) |
| 03/05/2025 | 37 | ATTORNEY Appearance for Defendant Cook County by Jessica Wasserman (Wasserman, Jessica) (Entered: 03/05/2025) |
| 03/05/2025 | 38 | MINUTE entry before the Honorable Lindsay C. Jenkins: In light of the motions to dismiss, the April 15, 2025 initial status hearing is stricken and no initial status report need be filed by April 8, 2025. The Court will set appropriate dates following its ruling on the pending motions. Mailed notice. (jlj, ) (Entered: 03/05/2025) |
| 03/20/2025 | 39 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23235065.<br><br>(Gaiser, Thomas) (Entered: 03/20/2025) |
| 03/20/2025 | 40 | MINUTE entry before the Honorable Lindsay C. Jenkins: Motion to appear pro hac vice 39 is granted. Mailed notice. (jlj, ) (Entered: 03/20/2025) |
| 03/21/2025 | 41 | MOTION by Amicus State of Ohio for leave to file *Brief of Amici Curiae*<br><br>(Gaiser, Thomas) (Entered: 03/21/2025) |
| 03/25/2025 | 42 | ATTORNEY Appearance for Amicus Parties ACLU of Illinois, Illinois Coalition for Immigrant and Refugee Rights, Mujeres Latinas en Accion, National Immigrant Justice Center by Rebecca Kim Glenberg (Glenberg, Rebecca) (Entered: 03/25/2025) |
| 03/25/2025 | 43 | ATTORNEY Appearance for Amicus Parties ACLU of Illinois, Illinois Coalition for Immigrant and Refugee Rights, Mujeres Latinas en Accion, National Immigrant Justice Center by Michelle Teresa Garcia (Garcia, Michelle) (Entered: 03/25/2025) |
| 03/25/2025 | 44 | MOTION by Amicus Parties ACLU of Illinois, Illinois Coalition for Immigrant and Refugee Rights, Mujeres Latinas en Accion, National Immigrant Justice Center for leave to file *Brief of Amici Curiae*<br><br>(Attachments: # 1 EXHIBIT A)(Glenberg, Rebecca) (Entered: 03/25/2025) |
| 03/28/2025 | 45 | MOTION by Plaintiff United States of America for leave to file excess pages *and leave to file a consolidated memorandum*<br><br>, MOTION by Plaintiff United States of America to set a briefing schedule *for its anticipated cross-motion for summary judgment*<br><br>(Neylan, Elisabeth) (Entered: 03/28/2025) |
| 03/28/2025 | 46 | MOTION by Amicus Parties Illinois Coalition for Immigrant and Refugee Rights, Illinois Coalition for Immigrant and Refugee Rights, Organized Communities Against Deportations, Raise the Floor AllianceMOTION FOR LEAVE TO FILE AN AMICI CURIAE BRIEF ON BEHALF OF BRIGHTON PARK NEIGHBORHOOD COUNCIL, ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, ORGANIZED COMMUNITIES AGAINST DEPORTATIONS AND RAISE THE FLOOR ALLIANCE<br><br>(Attachments: # 1 Exhibit 1)(Bedi, Sheila) (Entered: 03/28/2025) |

| | | |
|---|---|---|
| 03/31/2025 | 47 | MINUTE entry before the Honorable Lindsay C. Jenkins: The motion for leave 46 is partly granted. The United States' forthcoming consolidated brief in response to the motions to dismiss may not exceed 45 pages. Defendants' replies remain due by April 29, 2025. The United States also anticipates filing a motion for summary judgment, but Defendants oppose this approach and have asked for an opportunity to explain their reasons. Any response from Defendants (ideally in a single consolidated filing representing all views) is due by April 4, 2025, and that filing should include an alternative briefing schedule to the one the United States has proposed. For now, no summary judgment motion should be filed so that the Court can take Defendants' positions into account and set the appropriate schedule thereafter. Mailed notice. (jlj, ) (Entered: 03/31/2025) |
| 03/31/2025 | 48 | MINUTE entry before the Honorable Lindsay C. Jenkins: The motions for leave to file an amici curiae brief 41 44 45 are all granted. Any amici briefs by the moving entities are due no later than April 8, 2025. Those amici who attached their proposed briefs to their motions should file their briefs as a freestanding docket entry no later than April 8, 2025. Mailed notice. (jlj, ) (Entered: 03/31/2025) |
| 03/31/2025 | 49 | Brief of Amici Curiae by ACLU of Illinois, Illinois Coalition for Immigrant and Refugee Rights, Mujeres Latinas en Accion, National Immigrant Justice Center (Glenberg, Rebecca) (Entered: 03/31/2025) |
| 04/01/2025 | 50 | RESPONSE by United States of Americain Opposition to MOTION by Defendants State of Illinois, J. B. Pritzker to dismiss *Rule 12(B)* <br><br> 24 , MOTION by Defendant Cook County to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)* <br><br> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cook County *Pursuant to Rule 12(b)(6)* <br><br> 27 , MOTION by Defendant Thomas Dart to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)* <br><br> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Thomas Dart *Pursuant to Rule 12(b)(6)* <br><br> 31 , MOTION by Defendants County Board of Commissioners, Toni Preckwinkle to dismiss for lack of jurisdiction *Pursuant to Rule 12(b)(1)* <br><br> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants County Board of Commissioners, Toni Preckwinkle *Pursuant to Rule 12(b)(6)* <br><br> 29 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants City Of Chicago, Brandon Johnson, Larry Snelling <br><br> 33 (Neylan, Elisabeth) (Entered: 04/01/2025) |
| 04/02/2025 | 51 | BRIEF OF AMICI CURIAE BRIGHTON PARK NEIGHBORHOOD COUNCIL, ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, ORGANIZED COMMUNITIES AGAINST DEPORTATIONS AND RAISE THE FLOOR ALLIANCE by Illinois Coalition for Immigrant and Refugee Rights, Organized Communities Against Deportations, Raise the Floor Alliance, Brighton Park Neighborhood Council (Bedi, Sheila) (Entered: 04/02/2025) |
| 04/03/2025 | 52 | ENTERED IN ERROR (Entered: 04/03/2025) |

| 04/04/2025 | 53 | RESPONSE by Defendants J. B. Pritzker, State of Illinois to order on motion for miscellaneous relief,,,, text entry,,, 47 *Defendants' Combined Response re: Plaintiff's Request for Summary Judgment Briefing Schedule* (Wells, Christopher) (Entered: 04/04/2025) |
| 04/07/2025 | 54 | NOTICE by United States of America *of Intent to File a Reply In Support of Motion to File a Consolidated Memorandum and to Set a Briefing Schedule, ECF No. 45* (Neylan, Elisabeth) (Entered: 04/07/2025) |
| 04/08/2025 | 55 | BRIEF filed by State of Ohio and 22 Other States (Gaiser, Thomas) (Entered: 04/08/2025) |
| 04/08/2025 | 56 | REPLY by United States of America to Response, 53 , MOTION by Plaintiff United States of America for leave to file excess pages *and leave to file a consolidated memorandum*<br><br>MOTION by Plaintiff United States of America to set a briefing schedule *for its anticipated cross-motion for summary judgment*<br><br>45 (Neylan, Elisabeth) (Entered: 04/08/2025) |
| 04/09/2025 | 57 | MINUTE entry before the Honorable Lindsay C. Jenkins: In light of the United States' acknowledgement that the motion to file a consolidated brief is moot given that it has already filed its response to Defendants' motions to dismiss, see Dkt. 50; Dkt. 56 at 4 n.3, the motion for leave to file a consolidated memorandum and to set a briefing schedule for a cross-motion for summary judgment 45 is denied. The United States may file a cross-motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Any motion it files must comply with Local Rule 56.1. However, the Court will not set a briefing schedule for summary judgment at this time given that the parties have not agreed on whether discovery is needed, and no discovery has taken place. Fed. R. Civ. P. 56(d) (explaining the court may allow parties time to "obtain affidavits or declarations or to take discovery"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) ("[S]ummary judgment [may] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."). Defendants will have one week after any motion for summary judgment is filed to advise the Court, preferably through a single consolidated filing, as to their position on a briefing schedule and discovery in accordance with Rule 56(d). Defendants' replies in support of its motions to dismiss remain due by April 29, 2025. Mailed notice. (jlj, ) (Entered: 04/09/2025) |
| 04/14/2025 | 58 | MOTION by Plaintiff United States of America for summary judgment<br><br>(Neylan, Elisabeth) (Entered: 04/14/2025) |
| 04/14/2025 | 59 | MEMORANDUM by United States of America in support of motion for summary judgment 58 (Neylan, Elisabeth) (Entered: 04/14/2025) |
| 04/14/2025 | 60 | RULE 56 (c)(4) Statement by United States of America regarding motion for summary judgment 58 (Attachments: # 1 Declaration Declaration of Samuel J. Olson)(Neylan, Elisabeth) (Entered: 04/14/2025) |
| 04/15/2025 | 61 | MINUTE entry before the Honorable Lindsay C. Jenkins: Defendants have until April 22, 2025 to advise the Court, preferably through a single consolidated filing, as to their position on a briefing schedule and discovery in light of the United States' motion for summary judgment. No replies are permitted unless the Court requests a reply. Mailed notice. (jlj, ) (Entered: 04/15/2025) |
| 04/22/2025 | 62 | RESPONSE by Defendants City Of Chicago, Cook County, County Board of Commissioners, Thomas Dart, Brandon Johnson, Toni Preckwinkle, J. B. Pritzker, Larry Snelling, State of Illinois to set deadlines, 61 *Defendants' Consolidated Response to the Court's April 15 Order re: Summary Judgment Briefing and Discovery* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Declaration Rule 56(d) Declaration of Prathima Yeddanapudi)(Wells, Christopher) (Entered: 04/22/2025) |
| 04/23/2025 | 63 | MOTION for Leave to Appear Pro Hac Vice on behalf of Immigration Reform Law Institute by Christopher Hajec; Filing fee $ 150, receipt number AILNDC-23386307. <br><br> (Hajec, Christopher) (Entered: 04/23/2025) |
| 04/23/2025 | 64 | MOTION for Leave to Appear Pro Hac Vice on behalf of Immigration Reform Law Institute by Christopher Hajec; Filing fee $ 150, receipt number AILNDC-23386811. <br><br> (Hajec, Christopher) (Duplicate filing of entry no. 63) Modified on 4/24/2025 (rc, ). (Entered: 04/23/2025) |
| 04/23/2025 | 65 | MOTION by Amicus Immigration Reform Law Institute for leave to file *Amicus Memorandum* <br><br> (Attachments: # 1 Amicus Memorandum, # 2 Text of Proposed Order)(Hajec, Christopher) (Entered: 04/23/2025) |
| 04/23/2025 | 66 | REQUEST for Clerk of Court to refund filing fee in the amount of 150, receipt no. AILNDC-23386811, regarding motion to appear pro hac vice 64 *United States v. Illinois* (Hajec, Christopher) (Entered: 04/23/2025) |
| 04/24/2025 | 67 | REFUND PROCESSED re REQUEST for Clerk of Court to refund filing fee in the amount of 150, receipt no. AILNDC-23386811, regarding motion to appear pro hac vice 64 *United States v. Illinois* (Hajec, Christopher) 66 (td, ) (Entered: 04/24/2025) |
| 04/24/2025 | 68 | MINUTE entry be fore the Honorable Lindsay C. Jenkins: The motions to appear pro hac vice 63 64 are granted. The motion for leave to file an amicus 65 is granted. Counsel shall file the amicus memorandum as a freestanding docket entry by no later than April 28, 2025. (lp, ) (Entered: 04/24/2025) |
| 04/24/2025 | 69 | MEMORANDUM by Immigration Reform Law Institute *as Amicus in Support of Plaintiff* (Hajec, Christopher) (Entered: 04/24/2025) |
| 04/28/2025 | 70 | MOTION by Defendants J. B. Pritzker, State of Illinois for leave to file excess pages *State Defendants' Unopposed Motion for Leave to File 20-Page Reply re: Motion to Dismiss* <br><br> (Wells, Christopher) (Entered: 04/28/2025) |
| 04/28/2025 | 71 | MOTION by Defendant Cook County for leave to file excess pages <br><br> (Brener, Edward) (Entered: 04/28/2025) |
| 04/28/2025 | 72 | MOTION by Defendants City Of Chicago, Brandon Johnson, Larry Snelling for leave to file excess pages <br><br> (Worseck, Andrew) (Entered: 04/28/2025) |
| 04/28/2025 | 73 | RESPONSE by United States of America to MOTION by Defendants J. B. Pritzker, State of Illinois for leave to file excess pages *State Defendants' Unopposed Motion for Leave to File 20-Page Reply re: Motion to Dismiss* <br><br> 70 , MOTION by Defendants City Of Chicago, Brandon Johnson, Larry Snelling for leave to file excess pages <br><br> 72 , MOTION by Defendant Cook County for leave to file excess pages |

| | | |
|---|---|---|
| | | [71] (Neylan, Elisabeth) (Entered: 04/28/2025) |
| 04/29/2025 | [74] | MINUTE entry before the Honorable Lindsay C. Jenkins: The Court has reviewed Defendants' motions for excess pages and the United States' opposition to that request. The motions [70] [71] [72] are granted. Reply briefs may not exceed 20 pages. Mailed notice. (jlj, ) (Entered: 04/29/2025) |
| 04/29/2025 | [75] | ATTORNEY Appearance for Defendants City Of Chicago, Brandon Johnson, Larry Snelling by Katherine Rose Lamb (Lamb, Katherine) (Entered: 04/29/2025) |
| 04/29/2025 | [76] | REPLY by Defendants J. B. Pritzker, State of Illinois to motion to dismiss [24] , memorandum in support of motion [25] , response in opposition to motion,,,, [50] *State of Illinois and Governor Pritzker's Reply in support of their Motion to Dismiss* (Wells, Christopher) (Entered: 04/29/2025) |
| 04/29/2025 | [77] | REPLY by Defendants County Board of Commissioners, Toni Preckwinkle to response in opposition to motion,,,, [50] , motion to dismiss/lack of jurisdiction,, Motion to Dismiss for Failure to State a Claim , [29] , memorandum in support of motion [30] *REPLY IN SUPPORT OF DEFENDANTS COOK COUNTY BOARD OF COMMISSIONERS AND COOK COUNTY BOARD PRESIDENT TONI PRECKWINKLES FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS* (Scheller, Jessica) (Entered: 04/29/2025) |
| 04/29/2025 | [78] | REPLY by Defendant Thomas Dart to response in opposition to motion,,,, [50] , motion to dismiss/lack of jurisdiction, Motion to Dismiss for Failure to State a Claim [31] , memorandum in support of motion [32] *REPLY IN SUPPORT DEFENDANT COOK COUNTY SHERIFF THOMAS J. DARTS FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS* (Scheller, Jessica) (Entered: 04/29/2025) |
| 04/29/2025 | [79] | REPLY by Defendant Cook County to response in opposition to motion,,,, [50] , motion to dismiss/lack of jurisdiction, Motion to Dismiss for Failure to State a Claim [27] , memorandum in support of motion [28] *REPLY IN SUPPORT OF DEFENDANT COOK COUNTYS FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS* (Scheller, Jessica) (Entered: 04/29/2025) |
| 04/29/2025 | [80] | REPLY by Defendants City Of Chicago, Brandon Johnson, Larry Snelling *in support of motion to dismiss* (Worseck, Andrew) (Entered: 04/29/2025) |
| 07/01/2025 | [81] | MOTION by Attorney Katherine Rose Lamb to withdraw as attorney for City Of Chicago, Brandon Johnson, Larry Snelling. No party information provided<br><br>(Lamb, Katherine) (Entered: 07/01/2025) |
| 07/02/2025 | [82] | MINUTE entry before the Honorable Lindsay C. Jenkins: The motion to withdraw [81] is granted. Attorney Katherine Rose Lamb is terminated from the case. Mailed notice. (jlj, ) (Entered: 07/02/2025) |
| 07/03/2025 | [83] | Entered in Error. (rc, ) Modified on 7/3/2025 (rc, ). (Entered: 07/03/2025) |
| 07/03/2025 | [84] | NOTICE of Correction regarding Patent/Trademark report [83] . (rc, ) (Entered: 07/03/2025) |
| 07/25/2025 | [85] | MINUTE entry before the Honorable Lindsay C. Jenkins: Defendants State of Illinois, Governor J.B. Pritzker, Cook County Board of Commissioners, and City of Chicago's motions to dismiss for failure to state a claim under Rule 12(b)(6) [ [24] , [29] , [33] ] are granted. Sheriff Thomas Dart's motion to dismiss for failure to state a claim under Rule 12(b)(6) and on standing grounds under Rule 12(b)(1) [31] is also granted. Defendant Cook County's motion to dismiss [27] is granted in part and denied in part; it is denied under Rule 12(b)(1) but otherwise granted for failure to state a claim under Rule 12(b)(6). Individual Defendants Governor J.B. Pritzker, Cook County Board of Commissioners President Toni Preckwinkle, Cook County Sheriff Thomas Dart, Larry Snelling, and Brandon Johnson are |

| | | each dismissed from the case for lack of standing. Defendant Cook County Board of Commissioners is also dismissed because it is not a suable entity separate from Cook County. The complaint is dismissed without prejudice and the motion for summary judgment [Dkt. 58 ] is denied as moot. If it wishes to do so, the United States may amend its complaint by August 22, 2025. If no amended pleading is filed by the date the court separately provides, the dismissal will convert to one with prejudice. Mailed notice. (jlj, ) (Entered: 07/25/2025) |
|---|---|---|
| 07/25/2025 | 86 | MEMORANDUM Opinion and Order written by the Honorable Lindsay C. Jenkins on 7/25/2025. Mailed notice. (jlj, ) (Entered: 07/25/2025) |
| 08/26/2025 | 87 | MINUTE entry before the Honorable Lindsay C. Jenkins: No amended complaint was filed by August 22, 2025, so the prior dismissal is converted to dismissal with prejudice. The clerk shall enter a Rule 58 judgment in favor of Defendants and against Plaintiff. Civil case terminated. Mailed notice. (jlj, ) (Entered: 08/26/2025) |
| 08/26/2025 | 88 | ENTERED JUDGMENT on 8/26/2025. Mailed notice. (jlj, ) (Entered: 08/26/2025) |
| 09/24/2025 | 89 | MOTION by Attorney Emily A. Vernon to withdraw as attorney for City Of Chicago, Brandon Johnson, Larry Snelling. No party information provided<br><br>(Vernon, Emily) (Entered: 09/24/2025) |
| 09/24/2025 | 90 | MINUTE entry before the Honorable Lindsay C. Jenkins:Motion to withdraw as attorney 89 is granted. Attorney Emily A Vernon terminated as counsel. Mailed notice. (jlj, ) (Entered: 09/24/2025) |
| 10/24/2025 | 91 | NOTICE of appeal by United States of America regarding orders 88 Receipt number: y (Neylan, Elisabeth) (Entered: 10/24/2025) |
| 10/27/2025 | 92 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 91 (jxm, ) (Entered: 10/27/2025) |
| 10/27/2025 | 93 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 91 . Notified counsel (jxm, ) (Entered: 10/27/2025) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/05/2026 16:00:51 | | |
| PACER Login: | mtalent19 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:25-cv-01285 |
| Billable Pages: | 14 | Cost: | 1.40 |

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
AUGUST FLENTJE
Deputy Director
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
ERIC HAMILTON
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director
JACQUELINE COLEMAN SNEAD
Assistant Director
ELISABETH J. NEYLAN
Trial Attorney
Federal Programs Branch
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. 1:25-cv-1285 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| STATE OF ILLINOIS; JB PRITZKER, Governor of Illinois, in his Official Capacity; THE CITY OF CHICAGO; BRANDON JOHNSON, Mayor of Chicago, in his Official Capacity; LARRY SNELLING, Chicago Police Superintendent, in his Official Capacity; COOK COUNTY, ILLINOIS; COOK COUNTY BOARD OF COMMISSIONERS; TONI PRECKWINKLE, President of the Cook County Board of Commissioners, in her Official Capacity; THOMAS J. DART, Cook County Sheriff, in his Official Capacity, | |
| Defendants. | |

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

## PRELIMINARY STATEMENT

1. Within hours of assuming the Presidency, President Trump declared a "national emergency exists at the southern border of the United States" from the unprecedented "illegal entry of aliens" into the country. Proclamation 10,886, *Declaring a National Emergency at the Southern Border of the United States*, 90 Fed. Reg. 8327, 8327 (Jan. 20, 2025). "Many of these aliens unlawfully within the United States present significant threats to national security and public safety, committing vile and heinous acts against innocent Americans." Executive Order 14,159, *Protecting the American People Against Invasion*, 90 Fed. Reg. 8443, 8443 (Jan. 20, 2025). Further exacerbating this national crisis, some of these aliens find safe havens from federal law enforcement detection in so-called Sanctuary Cities where they live and work among innocent Americans, who may later become their crime victims.

2. This national crisis underscores the vital importance of "[e]nforcing our Nation's immigration laws." *Id.* This action seeks to put an end to one State's efforts to impede the Federal Government from doing that.

3. The United States brings this declaratory and injunctive action to prohibit the State of Illinois and its subdivisions from enforcing several state and local laws—namely, the Way Forward Act, TRUST Act, Welcoming City Act, and Cook County, Ill. Ordinance 11-O-73—that are designed to and in fact interfere with and discriminate against the Federal Government's enforcement of federal immigration law in violation of the Supremacy Clause of the United States Constitution. *See* The TRUST Act, 5 Ill. Comp. Stat. 805/1 *et*

*seq.* (2017), *amended*, Illinois Way Forward Act, 2021 Ill. Legis. Serv. 102-234; Cook County, Illinois Ordinance 11-O-73 (2011); and Welcoming City Ordinance, Chicago Mun. Code ch. 2-173 (2012).

4.  The United States has well-established, preeminent, and preemptive authority to regulate immigration matters. This authority derives from the United States Constitution, numerous acts of Congress, and binding U.S. Supreme Court precedent. Indeed, Congress last week strengthened that authority with the enactment of the Laken Riley Act, S. 5, 119th Cong. (2025), which "mandates the federal detention of illegal immigrants who are accused of theft, burglary, assaulting a law enforcement officer, and any crime that causes death or serious bodily injury." DHS, Press Release, President Trump Signs the Laken Riley Act in Law, https://www.dhs.gov/news/2025/01/29/president-trump-signs-laken-riley-act-law.

5.  Both the Governor of Illinois JB Pritzker and Mayor of Chicago Brandon Johnson, sued here in their official capacities, profess a shared interest with the Federal Government in enforcing immigration laws to effectuate the removal of such offenders from the United States. Last week on CNN, Governor Pritzker proclaimed: "Well let me start by being clear that when we're talking about violent criminals who've been convicted and who are undocumented, we don't want them in our state. We want them out of the country. We hope they do get deported. And if that's who they're picking up, we're all for it." https://www.cnn.com/2025/01/26/politics/video/sotu-pritzker-on-planned-chicago-immigration-raids. Illinois laws, however, provide otherwise.

6.  The challenged provisions of Illinois, Chicago, and Cook County law reflect their intentional effort to obstruct the Federal Government's enforcement of federal

- 2 -

GA19

immigration law and to impede consultation and communication between federal, state, and local law enforcement officials that is necessary for federal officials to carry out federal immigration law and keep Americans safe.

7. Upon information and belief, the conduct of officials in Chicago and Illinois minimally enforcing—and oftentimes affirmatively thwarting—federal immigration laws over a period of years has resulted in countless criminals being released into Chicago who should have been held for immigration removal from the United States. According to the U.S. Immigration and Customs Enforcement's (ICE) Law Enforcement Statistical Tracking Unit, from Fiscal Year 2016 until 2025, Enforcement and Removal Operations (ERO) arrested 13,564 aliens in Illinois, lodging 11,036 detainers. For those arrested, many were charged with serious crimes including assault, larceny, and sexual and drug-related offenses.

8. The Illinois Way Forward Act and TRUST Act both impede the Federal Government's ability to regulate immigration and take enforcement actions against illegal aliens by preventing state law enforcement officials from assisting with federal civil immigration enforcement. Under these laws, state officers are explicitly prohibited from complying with immigration detainers or civil immigration warrants; they are also prevented from entering into agreements to detain noncitizens for federal civil immigration violations. *See* 5 Ill. Comp. Stat. 805/15.

9. The Chicago law, the Welcoming City Ordinance, Chicago Municipal Code ch. 2-173, limits the ability of Chicago law enforcement officers (1) to provide the Federal Government with basic information about noncitizens who are in their custody and are subject to federal immigration custody, including custody status or release date, and (2)

- 3 -

GA20

to provide federal officers access to such individuals to effect their safe transfer to federal immigration custody when presented with a federal administrative warrant.

10. The Cook County law, Ordinance 11-O-73, "Policy for Responding to ICE Detainers," similarly limits the ability of Cook County law enforcement officers to provide the Federal Government with basic information about noncitizens who are in their custody and are subject to federal immigration custody, or to provide federal officers access to such noncitizens to effect their safe transfer to federal immigration custody when presented with a federal administrative warrant.

11. The challenged provisions of Illinois, Chicago, and Cook County law have the purpose and effect of making it more difficult for, and deliberately impeding, federal immigration officers' ability to carry out their responsibilities in those jurisdictions. These provisions intentionally obstruct the sharing of information envisioned by Congress, including basic information such as release dates and custodial status, thereby impairing federal detention of removable aliens, including dangerous criminals, as required by federal law; they further purport to direct federal officials to procure criminal arrest warrants in order to take custody of removable aliens, even though Congress has made an explicit policy choice that such removals can be effectuated by *civil* arrest warrants for immigration enforcement; and they facilitate the release of dangerous criminals into the community by directing local employees to refuse to transfer such aliens to federal officials in a secure environment—thereby resulting in their release onto the streets, where they all too often reoffend and commit serious crimes.

12. Upon information and belief, the provisions of Chicago and Cook County law that restrict information sharing jeopardize the safety of residents. For example, last August, federal officials issued a detainer request for an alien being held in Cook County jail on domestic violence charges. The detainer was not honored, and the alien was subsequently arrested on October 10, 2024 for aggravated criminal sexual assault and abuse of a minor.

13. The Supremacy Clause prohibits Illinois, Chicago, Cook County, and their officials from obstructing the Federal Government's ability to enforce laws that Congress has enacted or to take actions entrusted to it by the Constitution.

14. The Supremacy Clause also prohibits Illinois, Chicago, and Cook County from singling out the Federal Government for adverse treatment—as the challenged laws do—thereby discriminating against the Federal Government. Accordingly, the provisions challenged here are invalid and should be enjoined.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

16. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because Defendants City of Chicago, Cook County, and their officials reside within the Northern District of Illinois and because all Defendants' acts or omissions giving rise to this Complaint arose from events occurring within this judicial district.

17. The Court has the authority to provide the relief requested under 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

## PARTIES

18. Plaintiff, the United States of America, regulates immigration under its constitutional and statutory authorities, and it enforces federal immigration laws through its Executive

agencies, including the Departments of Justice, State, Labor, and Homeland Security (DHS) as well as DHS's component agencies U.S. Immigration and Customs Enforcement (ICE), and U.S. Customs and Border Protection (CBP).

19. Defendant State of Illinois is a state of the Union.

20. Defendant JB Pritzker is the Governor of Illinois, and is being sued in his official capacity.

21. Defendant City of Chicago is a city in the State of Illinois and a Sanctuary City.

22. Defendant Brandon Johnson is the Mayor of Chicago, and is being sued in his official capacity.

23. Defendant Larry Snelling is the Superintendent of the Chicago Police Department, and is being sued in his official capacity.

24. Defendant Cook County is a county in the State of Illinois.

25. Defendant Cook County Board of Commissioners is the governing board and legislative body of Cook County, and is responsible for the management of the affairs of Cook County.

26. Defendant Toni Preckwinkle is President of the Cook County Board of Commissioners, and is being sued in her official capacity.

27. Defendant Thomas J. Dart is the Sheriff of Cook County, and is being sued in his official capacity.

## FEDERAL IMMIGRATION LAW

28. The Constitution affords Congress the power to "establish a uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4, and to "regulate Commerce with foreign Nations," U.S. Const. art. I, § 8, cl. 3, and affords the President of the United States the

authority to "take Care that the Laws be faithfully executed[.]" U.S. Const. art. II, § 3.

29. The Supremacy Clause of the Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, a state enactment is invalid if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941), or if it "discriminate[s] against the United States or those with whom it deals," *South Carolina v. Baker*, 485 U.S. 505, 523 (1988).

30. Based on its enumerated constitutional and sovereign powers to control and conduct relations with foreign nations, the Federal Government has broad authority to establish immigration laws, the execution of which States cannot obstruct or take discriminatory actions against. *See Arizona v. United States*, 567 U.S. 387, 394–95 (2012); *accord North Dakota v. United States*, 495 U.S. 423, 435 (1990) (plurality); *id.* at 444–47 (Scalia, J., concurring).

31. Congress has exercised its authority to make laws governing the entry, presence, status, and removal of aliens within the United States by enacting various provisions of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

32. These laws confer upon the Executive Branch extensive authority to inspect, investigate, arrest, detain, and remove aliens who are suspected of being, or found to be, unlawfully in the United States. *See* 8 U.S.C. §§ 1182, 1225, 1226, 1227, 1228, 1231.

33. In effectuating these provisions, DHS may issue an "immigration detainer" that "serves to advise another law enforcement agency that [DHS] seeks custody of an alien presently

in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a); *see* 8 U.S.C. §§ 1103(a)(3), 1226(a), (c), 1231(a), 1357(d). An immigration "detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody[.]" 8 C.F.R. § 287.7(a).

34.     DHS also may request, but not require, that custody be extended by a period not to exceed 48 hours, "in order to permit assumption of custody by the Department." *Id.* § 287.7(d). And in some instances, DHS is statutorily required – upon request from local authorities – to consider whether to issue a detainer for an alien in local custody. *See* 8 U.S.C. § 1357(d) (addressing violations of laws regulating controlled substances). In other cases, DHS is required to issue a detainer for certain aliens, including any alien who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c).

35.     On January 29, 2025, President Trump signed into law the Laken Riley Act, named for the nursing student killed by an alien who, after entering the United States illegally, committed additional crimes but was released before immigration authorities could intervene. *See* Laken Riley Act, S. 5, 119th Cong. (2025). The Laken Riley Act requires DHS to detain aliens who are unlawfully present in the United States and have been arrested for theft and other crimes. *Id.*

36.     Congress has also codified basic principles of cooperation and comity between state and local authorities and the Federal Government. For example, federal law contemplates that

removable aliens in state custody who have been convicted of state or local offenses will generally serve their state or local criminal sentences before being subject to removal but will be taken into federal custody upon the expiration of their state prison terms. *See* 8 U.S.C. §§ 1226(c), 1231(a)(1)(B)(iii), (a)(4).

37. "Consultation between federal and state officials is an important feature of the immigration system." *Arizona*, 567 U.S. at 411. Congress has therefore directed that a federal, state, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, DHS "information regarding the citizenship or immigration status, lawful or unlawful, of any individual." 8 U.S.C. § 1373(a); *see id.* § 1644 (same); *see also id.* § 1357(g)(10)(A) (providing for state and local "communicat[ion] with [DHS] regarding the immigration status of any individual, including reporting knowledge that a particular alien is not lawfully present in the United States"). Likewise, "no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from," among other things, "[m]aintaining" "information regarding the immigration status, lawful or unlawful, of any individual," or "[e]xchanging such information with any other Federal, State, or local government entity." *Id.* § 1373(b).

38. Congress also authorized states and localities "to cooperate with the [Secretary of DHS] in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States." *Id.* § 1357(g)(10)(B).

39. Congress further sought to affirmatively penalize efforts to obstruct immigration enforcement by, among other things, prohibiting the "conceal[ing], harbor[ing], or shield[ing] from detection, or attempts to" accomplish the same, of any "alien in any place,

including any building or any means of transportation." *Id.* § 1324(a)(1)(A)(iii).

40. DHS, through ICE and CBP, performs a significant portion of its law enforcement activities in Chicago and Cook County. For example, since Fiscal Year 2024, ERO has issued 1,470 detainers in Illinois, and made 400 at-large arrests in Illinois, with 329, or roughly 82%, occurring in the Chicago area. And CBP is responsible for enforcing the immigration laws at international ports of entry, including apprehending attempted entrants with criminal convictions or who are national security concerns.

## **FACTUAL BACKGROUND**

### **Illinois's TRUST Act and Way Forward Act**

41. The Illinois TRUST Act was enacted in 2017 to prohibit state law enforcement officials from participating in federal civil immigration enforcement. *See* TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq*. (2017). The TRUST Act was amended in 2021 by the Way Forward Act, to, among other things, prevent state and local law enforcement officials from entering into agreements to detain individuals for federal civil immigration violations. *See id.* at 805/15(g).

42. The Way Forward Act along with the TRUST Act limit cooperation with federal enforcement in numerous ways. For example, Section 15 of the TRUST Act prohibits "[a] law enforcement agency or law enforcement official" from "detain[ing] or continu[ing] to detain any individual solely on the basis of any immigration detainer or civil immigration warrant or otherwise comply with an immigration detainer or civil immigration warrant." *Id.* at 805/15(a).

43. Under that section, unless presented with a federal criminal warrant, or otherwise required by federal law, state law enforcement officials may not "assist in any capacity with an

immigration agent's enforcement operations," *id.* at 805/15(h). The prohibition extends to offering collateral assistance, including coordinating an arrest in a public facility; giving an immigration agent access, even by telephone, to an alien in state custody; transferring an alien to an immigration agent's custody; providing information in response to an immigration agent's inquiry or request; and providing information to an immigration agent regarding an alien's release date or contact information that is not otherwise publicly available. *See id.* at 805/15(h).

44. In addition, "[a state] law enforcement agency or law enforcement official may not inquire about or investigate the citizenship or immigration status or place of birth of any individual in the agency or official's custody or who has otherwise been stopped or detained by the agency or official." *Id.* at 805/15(e).

45. The TRUST Act purportedly does not prohibit "sending to, or receiving from, the United States Department of Homeland Security or other federal, State, or local government entity information regarding the citizenship or immigration status of any individual under Sections 1373 and 1644 of Title 8 of the United States Code," or "contacting another law enforcement agency for the purposes of clarifying or confirming the civil or criminal nature of notifications or other records" in certain databases. *Id.* at 805/5. And the Act permits "a [state] law enforcement agency or law enforcement official to request evidence of citizenship or immigration status pursuant to the Firearm Owners Identification Card Act, the Firearm Concealed Carry Act, Article 24 of the Criminal Code of 2012, or 18 United States Code Sections 921 through 931." *Id.* at 805/15(e).

46. Finally, the TRUST Act does not preclude a state law enforcement official from cooperating with other federal agencies, including Homeland Security Investigations

(HSI), in investigating criminal violations "in order to ensure public safety." *See id.* at 805/15(i).

### Chicago's Restrictions on State and Local Cooperation with Federal Officials (Chicago Municipal Code ch. 2-173)

47. In 2012, the Chicago City Council passed the "Welcoming City Ordinance," Chicago Code ch. 2-173, which sought to "clarify the communications and enforcement relationship between the City and the federal government," in addition to "establish[ing] the City's procedures concerning immigration status and enforcement of federal civil immigration laws." Chicago Mun. Code § 2-173-005.

48. The Ordinance explicitly and intentionally limits local cooperation with federal immigration enforcement in various ways. It provides that no city agent or agency shall "detain, or continue to detain a person based upon an immigration detainer" or "an administrative warrant, including, but not limited to, those entered into the Federal Bureau of Investigation's National Crime Information Center database, or successor or similar database maintained by the United States." *Id.* § 2-173-020(a)(1). Moreover, no city agent shall permit ICE agents "access, including by telephone, to a person being detained by, or in the custody of, the [city] agency or agent," or "use of [city] agency facilities for investigative interviews or other investigative purpose." *Id.* § 2-173-020(a)(2). Nor shall city agents "expend their time responding to ICE inquiries or communicating with ICE regarding a person's custody status, release date, or contact information." *Id.* § 2-173-020(a)(3).

49. Section 2-173-030 provides that: "Unless required to do so by statute, federal regulation, court order, or a lawfully issued judicial warrant, no [city] agent or agency shall request, maintain, or share the citizenship or immigration status of any person unless such

disclosure has been authorized in writing by the individual to whom such information pertains, or if such individual is a minor or is otherwise not legally competent, by such individual's parent or guardian." *Id.* § 2-17-030(a)(1).

50. These provisions used to contain a limited exception when the subject of the investigation: (1) had an outstanding criminal warrant, (2) had been convicted of a felony, (3) was a defendant in a criminal case with a pending felony charge, or (4) was a known gang member, but those exceptions were repealed in 2021. *See id.* 2-173-042(c) (repealed).

51. Upon information and belief, Chicago law enforcement officials have been chilled by these prohibitions.

52. Upon information and belief, Chicago law enforcement officials are also confused by the restrictions on them and thus do not provide even the permissible cooperation out of fear of punishment.

### Cook County's Restrictions on State and Local Cooperation with Federal Officials (Cook County Code § 46-37)

53. In 2011, the Cook County Board of Commissioners approved and adopted Ordinance 11-O-73, "Policy for Responding to ICE Detainers," which added Section 46-37 to the Cook County Code. The policy purports to establish the "proper boundaries of the relationship between local law enforcement and" ICE. Ordinance 11-O-73, pmbl.

54. The Cook County Ordinance limits local cooperation with federal immigration enforcement in numerous ways. It mandates that the county Sheriff "shall decline all ICE detainer requests unless there is a written agreement with the federal government by which all costs incurred by Cook County in responding to the detainer shall be reimbursed" and that "there shall be no expenditure of any County resources or effort by on-duty County personnel for [the] purpose" of cooperating with ICE detainers. Cook County Code, § 46-

37(a), (c). Section 46-37(b) of the County Code provides that "ICE agents shall not be given access to individuals . . . , and County personnel shall not expend their time responding to ICE inquiries or communicating with ICE regarding individuals' incarceration status or release dates while on duty."

55. These provisions contain limited exceptions. County personnel may only provide ICE access to individuals in County custody or share information concerning an individual's incarceration status or release date if "ICE agents have a criminal warrant, or County officials have a legitimate law enforcement purpose that is not related to the enforcement of immigration laws." *Id.* § 46-37(b).

56. The Federal Government, through ICE, has offered to reimburse certain costs incurred by Cook County as a result of honoring ICE detainers. Cook County rejected that offer.

57. Upon information and belief, since April 1, 2024, there have been numerous instances where Cook County law enforcement officers failed to honor a federal immigration detainer request concerning an alien who was subsequently criminally charged following the alien's release from jail. Had the requested information sharing occurred in these instances, the commission of numerous crimes likely would have been averted.

58. Consequently, not only are Cook County employees effectively barred from requesting and sharing information regarding immigration status with ICE or other law enforcement agencies, but where ICE has issued an immigration detainer for an alien in local custody, the detainer is removed from the alien's permanent criminal file, and therefore does not follow the alien if he/she is transferred to long-term state incarceration.

59. Upon information and belief, Cook County does not impose these restrictions on other forms of information sharing or other law enforcement agencies. *See* Cook County

Ordinance 11-O-73.

60. Upon information and belief, Cook County law enforcement officials have been chilled by these prohibitions.

61. Upon information and belief, Cook County law enforcement officials are also confused by the county restrictions on them and thus do not provide even the permissible cooperation out of fear of punishment.

## THE CHALLENGED PROVISIONS' IMPACT ON FEDERAL IMMIGRATION ENFORCEMENT

62. The combined effect of the challenged provisions of Illinois, Chicago, and Cook County laws, Ill. SB0667, 5 Ill. Comp. Stat. 805, Chicago Mun. Code §§ 2-173-020, 2-173-030 and Cook County Code § 46-37, facially and as applied, prohibits even the most basic cooperation with federal officials. Congress, in comity to States, permitted state and local jurisdictions to fully punish aliens for state criminal violations prior to removal. *See* 8 U.S.C. § 1231(a)(4)(A) (providing that, subject to limited exceptions, federal agents "may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment"). But Congress crafted a statutory scheme that clearly envisioned the Federal Government being able to detain and remove those aliens, once their state proceedings and sentences concluded.

63. Specifically, Congress specified that the removal period begins immediately upon release from state criminal custody, *id.* § 1231(a)(1)(B)(iii), and detention during that period is mandatory, *id.* § 1231(a)(2); *see also* 8 U.S.C. § 1226(c)(3), *id.* § 1357(d) (directing immigration officers to obtain a detainer to facilitate the transfer of criminal aliens from state to federal custody). Congress granted this permission expecting that States would

then facilitate, or at the very least not obstruct, detention of criminal aliens by federal immigration authorities. If ICE lacks knowledge of criminal aliens' release dates from state custody, ICE cannot exercise its statutory responsibility of effecting an arrest upon the alien's release.

64. Furthermore, federal law contemplates that DHS will be able to inspect all applicants for admission, and take all appropriate action against those found to be inadmissible to the United States, even those transferred to state or local custody pending prosecution. *See id.* §§ 1182, 1225(b)(2); 8 C.F.R. § 235.2. And, to facilitate coordination between state and local officials and the Federal Government, Congress expressly prohibited any federal, state, or local government entity or official from prohibiting, or in any way restricting, any government entity or official from sending to, or receiving from, DHS "information regarding the citizenship or immigration status, lawful or unlawful, of any individual," 8 U.S.C. § 1373(a), or from maintaining and exchanging such information with other law enforcement entities. *Id.* § 1373(b); *see also id.* § 1644.

65. The challenged Illinois, Chicago, and Cook County laws directly conflict with this scheme.

66. The Welcoming City Ordinance runs directly afoul of 8 U.S.C. § 1373 by forbidding city officers from "expend[ing] their time responding to ICE inquiries . . . regarding a person's custody status, release date, or contact information," Chicago Mun. Code § 2-173-020(a)(3), and further providing that such officers may not "request, maintain, or share the citizenship or immigration status of any person," *id.* § 2-173-030(a)(1). Nor can Chicago point to its purported savings clause to avoid that reality. The savings clause allows agents to undertake those activities "if required to do so by statute, federal

regulation, court order, or a lawfully issued judicial warrant," *id.* § 2-173-030(a), but rather than require States and local governments to share and maintain that information, federal law only prohibits restrictions on those activities. Chicago has therefore prohibited the activities that federal law expressly contemplates States will do.

67. Moreover, Chicago's failure to provide exceptions to its prohibition on cooperation with federal immigration agents conflicts with federal law governing what constitutes a predicate for inadmissibility or removability. *See id.* §§ 1182(a)(2), 1227(a)(2). Federal agents are required to detain illegal aliens who have committed certain offenses upon their release from state custody. Congress not only recently reaffirmed its commitment to this mandate, but augmented the authority of federal agents in this space by adding predicate offenses that trigger this detention requirement, *id.* §§ 1226(c), (c)(3), 1357(d); *see also* Laken Riley Act, S. 5, 119th Cong. (2025).

68. The restrictions on providing ICE access to removable aliens in their custody, *see* 5 Ill. Comp. Stat. 805/15(a), (h); Cook County Code § 46-37(b); Chicago Mun. Code § 2-173-020, also conflict with federal law, which establishes a system of civil administrative warrants as the basis for immigration arrest and removal, and does not require or contemplate use of a judicial warrant for civil immigration enforcement. *See* 8 U.S.C. §§ 1226(a), 1231(a).

69. Further, upon information and belief, because of the challenged laws, DHS lacks the ability to readily obtain from local law enforcement the release date of aliens whom DHS has reason to believe are removable from the United States, and DHS lacks access to such aliens to facilitate the transfer of custody, even where DHS presents a Congressionally authorized civil administrative warrant of arrest or removal, *see id.* §§ 1226(a), 1231(a),

or has transferred those aliens to local law enforcement in the first instance to permit their prosecution for a state crime.

70. By restricting basic information sharing and barring DHS access to aliens in state or local custody upon their release as provided by federal law (e.g., an administrative warrant), the challenged Illinois, Chicago, and Cook County laws require federal immigration officers either (1) to engage in difficult and dangerous efforts to re-arrest aliens who were previously in local custody, endangering immigration officers, the particular alien, and others who may be nearby, or (2) to determine that it is not appropriate to transfer an alien to local custody in the first place, in order to comply with their mission to enforce the immigration laws.

71. Illinois, Chicago, and Cook County have no lawful interest in assisting removable aliens' evasion of federal law enforcement.

72. Upon information and belief, neither Illinois, nor Chicago, nor Cook County permits its employees to place a detainer or administrative warrant in the alien's file or to enter its existence in government databases, such that if an alien is transferred to another law enforcement agency, that agency cannot act on the undisclosed detainer or administrative warrant or learn about and share that alien's immigration status with other law enforcement, including the Federal Government.

73. Illinois, Chicago, and Cook County single out the Federal Government for their disfavored treatment. *See* 5 Ill. Comp. Stat 805/15; Chicago Mun. Code § 2-173-020; Cook County Ordinance 11-O-73.

74. These provisions are an obstacle to the Federal Government's enforcement of the immigration laws and discriminate against federal immigration enforcement, as well as

(with respect to the information-sharing and maintenance restrictions) expressly violate 8 U.S.C. § 1373.

75.    In rejecting congressionally authorized means of enforcing federal immigration law, including detainers and administrative warrants, these provisions constitute unlawful direct regulation of the Federal Government.

## CLAIMS FOR RELIEF

### COUNT ONE – VIOLATION OF THE SUPREMACY CLAUSE (PREEMPTION)

76.    Plaintiff hereby incorporates paragraphs 1 through 75 of the Complaint as if fully stated herein.

77.    The challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 constitute and create obstacles to the enforcement of federal immigration law.

78.    The challenged provisions of those acts also undermine federal immigration law's protections for information sharing and are thus preempted under both express and conflict preemption principles. *E.g.*, 8 U.S.C. §§ 1373(a), 1644.

79.    Federal immigration law therefore preempts the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173.

80.    Accordingly, those provisions violate the Supremacy Clause, interfere with federal law, and create obstacles to the enforcement of federal immigration law both on their face and as applied to the Federal Government.

## COUNT TWO – VIOLATION OF THE SUPREMACY CLAUSE
## (UNLAWFUL DISCRIMINATION AGAINST THE FEDERAL GOVERNMENT)

81.    Plaintiff hereby incorporates paragraphs 1 through 80 of the Complaint as if fully stated herein.

82.    Defendants' enforcement of the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 discriminates against the Federal Government.

83.    The challenged provisions single out federal immigration officials, expressly and implicitly, for unfavorable and uncooperative treatment when other law enforcement officials are not so treated.

84.    Accordingly, the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 violate the Doctrine of Intergovernmental Immunity and therefore alternatively are invalid on that basis.

## COUNT THREE – VIOLATION OF THE SUPREMACY CLAUSE
## (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)

85.    Plaintiff hereby incorporates paragraphs 1 through 84 of the Complaint as if fully stated herein.

86.    Defendants' enforcement of the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 effects direct regulation of the Federal Government.

87. By refusing to honor civil detainers and warrants expressly authorized by Congress, Defendants have unlawfully eliminated these means for federal immigrations officials to carry out their statutory functions.

88. Accordingly, the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 effect regulation of the Federal Government and alternatively are invalid on that basis.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

1. That this Court enter a judgment declaring that the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 violate the Supremacy Clause and are therefore invalid;

2. That this Court enter a judgment declaring that the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173 violate 8 U.S.C. § 1373 and are therefore invalid;

3. That this Court issue preliminary and permanent injunctions that prohibit Defendants as well as their successors, agents, and employees, from enforcing the challenged provisions of the TRUST Act, 5 Ill. Comp. Stat. 805/1 *et seq.* (2017), as amended by the Way Forward Act, SB0667 (2021); Cook County Ordinance 11-O-73, § 46-37 (2011); and Chicago Welcoming City Ordinance ch. 2-173;

4. That this Court award the United States its costs and fees in this action; and

5. That this Court award any other relief it deems just and proper.

DATED: February 6, 2025

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
AUGUST FLENTJE
Deputy Director
EREZ REUVENI
Assistant Director
Office of Immigration Litigation

ERIC HAMILTON
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director
JACQUELINE COLEMAN SNEAD
Assistant Director
ELISABETH J. NEYLAN
Trial Attorney
Federal Programs Branch

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

United States of America
                                    Plaintiff,

v.                                                  Case No.: 1:25−cv−01285
                                                    Honorable Lindsay C. Jenkins

State of Illinois, et al.
                                    Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 25, 2025:

        MINUTE entry before the Honorable Lindsay C. Jenkins: Defendants State of
Illinois, Governor J.B. Pritzker, Cook County Board of Commissioners, and City of
Chicago's motions to dismiss for failure to state a claim under Rule 12(b)(6) [[24], [29],
[33]] are granted. Sheriff Thomas Dart's motion to dismiss for failure to state a claim
under Rule 12(b)(6) and on standing grounds under Rule 12(b)(1) [31] is also granted.
Defendant Cook County's motion to dismiss [27] is granted in part and denied in part; it is
denied under Rule 12(b)(1) but otherwise granted for failure to state a claim under Rule
12(b)(6). Individual Defendants Governor J.B. Pritzker, Cook County Board of
Commissioners President Toni Preckwinkle, Cook County Sheriff Thomas Dart, Larry
Snelling, and Brandon Johnson are each dismissed from the case for lack of standing.
Defendant Cook County Board of Commissioners is also dismissed because it is not a
suable entity separate from Cook County. The complaint is dismissed without prejudice
and the motion for summary judgment [Dkt. [58]] is denied as moot. If it wishes to do so,
the United States may amend its complaint by August 22, 2025. If no amended pleading is
filed by the date the court separately provides, the dismissal will convert to one with
prejudice. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

United States of America
                              Plaintiff,

v.                                           Case No.: 1:25−cv−01285
                                             Honorable Lindsay C. Jenkins

State of Illinois, et al.
                              Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Tuesday, August 26, 2025:


        MINUTE entry before the Honorable Lindsay C. Jenkins: No amended complaint
was filed by August 22, 2025, so the prior dismissal is converted to dismissal with
prejudice. The clerk shall enter a Rule 58 judgment in favor of Defendants and against
Plaintiff. Civil case terminated. Mailed notice. (jlj, )



**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF ILLINOIS; JB PRITZKER, Governor of Illinois, in his Official Capacity; THE CITY OF CHICAGO; BRANDON JOHNSON, Mayor of Chicago, in his Official Capacity; LARRY SNELLING, Chicago Police Superintendent, in his Official Capacity; COOK COUNTY, ILLINOIS; COOK COUNTY BOARD OF COMMISSIONERS; TONI PRECKWINKLE, President of the Cook County Board of Commissioners, in her Official Capacity; THOMAS J. DART, Cook County Sheriff, in his Official Capacity,<br><br>    Defendants. | Case No. 1:25-cv-1285-LCJ<br><br>Judge Lindsay C. Jenkins |

**NOTICE OF APPEAL**

Please take notice that Plaintiff United States of America hereby appeals to the United States Court of Appeals for the Seventh Circuit from this Court's judgment entered August 26, 2025, ECF No. 88, and all prior orders and opinions merged into that judgment, including but not limited to the court's July 25, 2025 memorandum opinion and order, ECF No. 86.

Dated: October 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
*Civil Division*

JACQUELINE COLEMAN SNEAD
*Assistant Director*
*Federal Programs Branch*

/s/ *Elisabeth J. Neylan*
Elisabeth J. Neylan
N.Y. Bar Reg. Number 6125736
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-3519
Email: elisabeth.j.neylan@usdoj.gov

*Counsel for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all counsel of record.

/s/ *Michael E. Talent*
Michael E. Talent

**CERTIFICATE OF RULE 30 COMPLIANCE**

The appendix and short appendix include the materials required by

Circuit Rule 30(a) and (b).



*/s/ Michael E. Talent*
Michael E. Talent