**ADDENDUM**

## TABLE OF CONTENTS

8 U.S.C. § 1373 ..................................................................... A1

8 U.S.C. § 1644 ..................................................................... A2

5 Ill. Comp. Stat. § 805/15 ..................................................... A3

Cook County, Ill., Code of Ordinances § 46-37 ...................................... A6

Mun. Code of Chi. § 2-173-020 ................................................... A7

Mun. Code of Chi. § 2-173-030 ................................................... A9

<u>**8 U.S.C. § 1373**</u>

**(a) In general**

Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.

**(b) Additional authority of government entities**

Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:

> (1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.
>
> (2) Maintaining such information.
>
> (3) Exchanging such information with any other Federal, State, or local government entity.

**(c) Obligation to respond to inquiries**

The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information.

A1

**8 U.S.C. § 1644**

Notwithstanding any other provision of Federal, State, or local law, no State or local government entity may be prohibited, or in any way restricted, from sending to or receiving from the Immigration and Naturalization Service information regarding the immigration status, lawful or unlawful, of an alien in the United States.

A2

**5 Ill. Comp. Stat. § 805/15**

§ 15. Prohibition on enforcing federal civil immigration laws.

(a) A law enforcement agency or law enforcement official shall not detain or continue to detain any individual solely on the basis of any immigration detainer or civil immigration warrant or otherwise comply with an immigration detainer or civil immigration warrant.

(b) A law enforcement agency or law enforcement official shall not stop, arrest, search, detain, or continue to detain a person solely based on an individual's citizenship or immigration status.

(c) (Blank).

(d) A law enforcement agency or law enforcement official acting in good faith in compliance with this Section who releases a person subject to an immigration detainer or civil immigration warrant shall have immunity from any civil or criminal liability that might otherwise occur as a result of making the release, with the exception of willful or wanton misconduct.

(e) A law enforcement agency or law enforcement official may not inquire about or investigate the citizenship or immigration status or place of birth of any individual in the agency or official's custody or who has otherwise been stopped or detained by the agency or official. Nothing in this subsection shall be construed to limit the ability of a law enforcement agency or law enforcement official, pursuant to State or federal law, to notify a person in the law enforcement agency's custody about that person's right to communicate with consular officers from that person's country of nationality, or facilitate such communication, in accordance with the Vienna Convention on Consular Relations or other bilateral agreements. Nothing in this subsection shall be construed to limit the ability of a law enforcement agency or law enforcement official to request evidence of citizenship or immigration status pursuant to the Firearm Owners Identification Card Act, the Firearm Concealed Carry Act,

A3

Article 24 of the Criminal Code of 2012, or 18 United States Code Sections 921 through 931.

(f) Unless otherwise limited by federal law, a law enforcement agency or law enforcement official may not deny services, benefits, privileges, or opportunities to an individual in custody or under probation status, including, but not limited to, eligibility for or placement in a lower custody classification, educational, rehabilitative, or diversionary programs, on the basis of the individual's citizenship or immigration status, the issuance of an immigration detainer or civil immigration warrant against the individual, or the individual being in immigration removal proceedings.

(g)(1) No law enforcement agency, law enforcement official, or any unit of State or local government may enter into or renew any contract, intergovernmental service agreement, or any other agreement to house or detain individuals for federal civil immigration violations.

(2) Any law enforcement agency, law enforcement official, or unit of State or local government with an existing contract, intergovernmental agreement, or other agreement, whether in whole or in part, that is utilized to house or detain individuals for civil immigration violations shall exercise the termination provision in the agreement as applied to housing or detaining individuals for civil immigration violations no later than January 1, 2022.

(h) Unless presented with a federal criminal warrant, or otherwise required by federal law, a law enforcement agency or official may not:

(1) participate, support, or assist in any capacity with an immigration agent's enforcement operations, including any collateral assistance such as coordinating an arrest in a courthouse or other public facility, providing use of any equipment, transporting any individuals, or establishing a security or traffic

A4

perimeter surrounding such operations, or any other on-site support;

(2) give any immigration agent access, including by telephone, to any individual who is in that agency's custody;

(3) transfer any person into an immigration agent's custody;

(4) permit immigration agents use of agency facilities or equipment, including any agency electronic databases not available to the public, for investigative interviews or other investigative or immigration enforcement purpose;

(5) enter into or maintain any agreement regarding direct access to any electronic database or other data-sharing platform maintained by any law enforcement agency, or otherwise provide such direct access to the U.S. Immigration and Customs Enforcement, United States Customs and Border Protection or any other federal entity enforcing civil immigration violations;

(6) provide information in response to any immigration agent's inquiry or request for information regarding any individual in the agency's custody; or

(7) provide to any immigration agent information not otherwise available to the public relating to an individual's release or contact information, or otherwise facilitate for an immigration agent to apprehend or question an individual for immigration enforcement.

(i) Nothing in this Section shall preclude a law enforcement official from otherwise executing that official's duties in investigating violations of criminal law and cooperating in such investigations with federal and other law enforcement agencies (including criminal investigations conducted by federal Homeland Security Investigations (HSI)) in order to ensure public safety.

A5

## Cook County, Ill., Code of Ordinances § 46-37

(a)  The Sheriff of Cook County shall decline ICE detainer requests unless there is a written agreement with the federal government by which all costs incurred by Cook County in complying with the ICE detainer shall be reimbursed.

(b)  Unless ICE agents have a criminal warrant, or County officials have a legitimate law enforcement purpose that is not related to the enforcement of immigration laws, ICE agents shall not be given access to individuals or allowed to use County facilities for investigative interviews or other purposes, and County personnel shall not expend their time responding to ICE inquiries or communicating with ICE regarding individuals' incarceration status or release dates while on duty.

(c)  There being no legal authority upon which the federal government may compel an expenditure of County resources to comply with an ICE detainer issued pursuant to 8 U.S.C. § 1226 or 8 U.S.C. § 1357(d), there shall be no expenditure of any County resources or effort by on-duty County personnel for this purpose, except as expressly provided within this section.

(d)  Any person who alleges a violation of this section may file a written complaint for investigation with the Cook County Sheriff's Office of Professional Review.

**Mun. Code of Chi. § 2-173-020**

(a) No agent or agency shall participate in civil immigration enforcement operations or assist the civil enforcement of federal immigration law, unless required to disclose information as addressed in Section 2-173-030(a). Specifically, no agency or agent shall:

(1) stop, arrest, detain, or continue to detain a person

(A) solely on the belief that the person is not present legally in the United States, or that the person has committed a civil immigration violation.

(B) based upon an administrative warrant, including, but not limited to, those entered into the Federal Bureau of Investigation's National Crime Information Center database, or successor or similar database maintained by the United States.

(C) based upon an immigration detainer.

(2) permit ICE agents

(A) access, including by telephone, to a person being detained by, or in the custody of, the agency or agent.

(B) use of agency facilities for investigative interviews or other investigative purpose.

(3) expend their time responding to ICE inquiries or communicating with ICE regarding a person's custody status, release date, or contact information. An agency or agent is authorized to communicate with ICE in order to determine whether any matter involves enforcement based solely on a violation of a civil immigration law.

(4) enter into an agreement under Section 1357(g) of Title 8 of the United States Code or any other provision of federal law that

A7

permits state or local governmental entities to enforce federal civil immigration law.

(5) transfer any person into ICE custody for the sole purpose of civil immigration enforcement.

(6) set up a traffic perimeter or provide on-site support to assist a civil immigration enforcement operation.

(b) If CPD receives a request from ICE, HSI, CBP, or another successor agency to provide assistance with a civil immigration enforcement operation, a CPD supervising officer shall determine whether such request is to assist in the enforcement of civil immigration law. If the supervisor determines that the request is to assist in the enforcement of civil immigration law, the supervisor shall decline the request. The supervisor shall also notify the Office of Emergency Management and Communications with an identifier that indicates that the event is a request for assistance with civil immigration enforcement.

(c) The Corporation Counsel, in consultation with appropriate stakeholders, shall develop model policies for public libraries, community mental health centers, administrative hearing facilities, and any other appropriate public facilities administered or operated by the City to ensure that all such facilities remain safe and accessible to all Chicago residents, regardless of immigration status. All such facilities shall establish public policies that limit immigration enforcement operations on their premises to the fullest extent possible consistent with federal and state law. The Corporation Counsel shall review such policies when immigration law changes such that the policies may need to be changed. The City shall also make such policies available to facilities operated by Sister Agencies, including public schools and park district facilities.

A8

## Mun. Code of Chi. § 2-173-030

(a)  Unless required to do so by statute, federal regulation, court order, or a lawfully issued judicial warrant,

> (1)  no agent or agency shall request, maintain, or share the citizenship or immigration status of any person unless such disclosure has been authorized in writing by the individual to whom such information pertains, or if such individual is a minor or is otherwise not legally competent, by such individual's parent or guardian. Notwithstanding this provision, the Corporation Counsel may investigate and inquire about immigration status when relevant to potential or actual litigation or an administrative proceeding in which the City is or may be a party.

> (2)  no applications, questionnaires, or interview forms used in relation to City of Chicago benefits, opportunities, or services shall contain questions regarding citizenship or immigration status. Departments shall annually review such materials and amend them to conform with the requirements of this subsection.

(b)  No agency or agent shall enter into or renew any agreement providing direct access to any electronic database or other data-sharing platform maintained by any agency, or otherwise provide direct access to such database, to any federal agency, if the agency or agent determines that the purpose of such access is for the enforcement of civil immigration law.

A9